UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PEOPLE OF THE UNITED STATES OF AMERICA REPUBLIC, CHRISTOPHER CANNON:BEY, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>CITY OF CHICAGO, et al., )<br><br>Defendants. ) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO. 2:20-CV-373-PPS-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

An "Emergency Application for National Writ of Prohibition and Motion for Preliminary Injunction and Restraining Order and Declaratory Relief" was filed in this case by Plaintiffs, The People of the United States of America Republic. The request was filed by and through their "President" – Christopher-Cannon: Bey against more than 20 defendants including Illinois Governor J.B. Pritzker, the City of Chicago, and Chicago Mayor Lori Lightfoot. [DE 1.] The memorandum in support is an exhausting 94 pages long and it contains many allegations and arguments that are difficult to decipher. [DE 2.] As best I can tell, Plaintiffs seem to be complaining that people of Moorish descent are being unlawfully arrested in Chicago and across the country and police vehicles allegedly purchased by the Moorish American taxpayers have been unlawfully seized. This motion is infirm for a number of reasons.

First, Plaintiffs have not filed a complaint in this case. A complaint sets forth each cause of action in a plain and simple manner, and establishes how this court has

jurisdiction over the controversy and why venue is appropriate.  "Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

In the instant motion, Plaintiffs seem to argue that the Court has *both* federal question jurisdiction and diversity jurisdiction [DE 2 at 18-20], but the allegations are extremely confusing and difficult to discern.  For example, in support of the assertion that the basis for jurisdiction is diversity of citizenship, Plaintiffs state "Moorish's American Nationals of the United States of America Republic, are not citizens of the Union States Society, but are the natural people of the Continental United States, "U.S.A." being Part and Partial of the U.S. Federal Government to which the Union States is obligated.  The Constitutions of the two nations, in conjunction with treaties, are the working tools for adjudication in jurisdictional argument, procedures and venue.  The United States of America Republic Constitution is in Full alignment with U.S. Constitution." [DE 2 at 19-20.]  I have no idea what that means. The motion, which alleges incidents in Chicago and all over the country, leaves me wondering how I have subject matter jurisdiction over this controversy.  What's more, even if some claim was somehow actionable, it is entirely unclear why venue would be appropriate in the

Northern District of Indiana. But in all events, without a complaint to elucidate these issues, I can't be sure I have jurisdiction to rule on the motion.

Second, respectfully, many of the assertions Plaintiffs make in this motion are fantastical and delusional. For example, Plaintiffs state, "The Morocco Treaty of Peace and Friendship of 1787 was superseded in 1836 ART. 2. This is where the permanent allegiance of Moorish Americans to the United States of American government stems." [DE 2 at 21.] Additionally, they claim "Defendants are continually denying the Plaintiff's right to use their Titles of Nobility by arresting them for giving false or fictitious names. These acts by the Defendants violate 1933 Resolution 75 (Religious titles)." [*Id.*] I just don't know what any of that means. As the Seventh Circuit has noted, "[s]ometimes . . . the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (allegations are frivolous if they are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible") (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Unfortunately, the motion presently before me falls into this category.

Third, Plaintiffs have styled this motion so that Christopher: Cannon-Bey is representing the People of the United States of America Republic as well as a class and subclass of similarly situated persons. Pro se parties may only represent themselves;

3

they cannot bring suit on behalf of others. *Hernandez v. City of Chicago*, No. 10 C 7544, 2011 WL 149455, at *2 (N.D. Ill. Jan. 14, 2011) (citing 28 U.S.C. § 1654; *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)). In other words, Christopher: Cannon-Bey, a non-lawyer, cannot represent another individual or an organization.

ACCORDINGLY:

The "Emergency Application for National Writ of Prohibition and Motion for Preliminary Injunction and Restraining Order and Declaratory Relief" [DE 1] is DENIED. The Motion to Amend Briefing to Add Additional Defendants [DE 6] and Plaintiffs Motion to Amend Briefing to Add Additional Background Information and Defendants [DE 11] are also both DENIED. Because there are no other matters pending in this case, the Clerk is ORDERED to close the case.

ENTERED: November 4, 2020.

                                             /s/ Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT